## J. W. Morris v. The State.

No. 14871.   Delivered February 10, 1932.
Rehearing Granted April 13, 1932.

The opinion states the case.

*Pat L. Pittman,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, Presiding Judge.—The unlawful possession of intoxicating liquor for the purpose of sale is the offense; penalty assessed at confinement in the penitentiary for a period of two years.

By indictment, the accused was charged with the possession of intoxicating liquor for the purpose of sale; and in a separate count, he was also chargd with the unlawful transportation of intoxicating liquor.   The count charging the possession of intoxicating liquor for the purpose of sale was submitted to the jury.   A plea of not guilty was entered.   The verdict found the appellant "guilty as charged in the indictment" and

assessed against him a penalty of confinement in the penitentiary for two years.

The statement of facts was signed on the 22nd day of September, 1931, and filed in this court on the 29th of that month. However, it bears no evidence of having been filed in the trial court. The case was tried on the 7th of July, 1931. The judgment and sentence applied the verdict to the count of the indictment which was submitted to the jury.

There are two bills of exception in the record, but in the absence of a statement of facts, they present nothing for review. In the absence of a statement of facts, the presumption must be indulged that the evidence supported the count in the indictment upon which the judgment was rendered.

The judgment and sentence fail to take note of the Indeterminate Sentence Law, art. 775, C. C. P., as amended by Acts 42d Leg. (1931), c. 207, sec. 1 (Vernon's Ann. C. C. P., art. 775), under the terms of which the appellant should be condemned to suffer confinement in the penitentiary for a period of not less than one nor more than two years. As so reformed, the judgment is affirmed.

*Affirmed.*

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—When this case was originally considered the statement of facts appearing in the record bore no file mark of the proper officer of the trial court. As part of his motion for rehearing appellant brings forward a certificate from the clerk of the district clerk of Smith county that he did in fact file said statement of facts on, to-wit: September 22, 1931, which was within ninety days after the giving of notice of appeal herein, and that the failure to endorse upon same his official attestation of the fact of its filing, was through no fault or neglect of appellant or those representing him. Upon this showing the statement of facts has been considered.

We do not regard either of the bills of exception appearing in the record as calling for discussion on our part. The first complains of the refusal of a peremptory charge to acquit, and the other of a question asked witness Sheffer as to what he meant by a false bottom.

Witness Knott said that he was employed by the sheriff to go to the Blackstone hotel and watch a man in a blue suit with a heavy black mustache who was peddling whisky around said hotel, and that from this description he picked out appellant when he reached said hotel. He further said there was a large crowd of people, several hundred, around the place that day. He observed appellant leave the crowd and go down some distance to where a car was parked. Another man who was unknown to witness was with appellant. In order to get to said car the

parties had to cross a railroad track, and when they walked up to said car appellant reached under the cushion and took out a package. The car was an old Chevrolet roadster. The package taken from under the cushion was described by width and thickness and as being wrapped in a newspaper, a small package. Appellant and the man with him walked behind a box car. Appellant presently emerged and went back up the street. Witness informed a deputy sheriff of what he had observed. They went down, arrested appellant and took him to the car, which they proceeded to search. Under the front seat of the car they found three pint bottles of whisky. In the false bottom to said car they found eighteen pint bottles of whisky. Mr. Knott testified that he took the license number of the car.

We entertain such serious doubt as to the sufficiency of this testimony that we are unwilling to permit this conviction to stand. No effort was made to show that the car in which the whisky was found belonged to appellant. It would appear comparatively easy to ascertain where the license was issued and to whom, and to trace the car in which the whisky was found. There was no showing that appellant drove the car to said place, nor any showing as to where appellant lived or where he came from. For aught this record shows the car may have been driven to the place where it was parked by some person other than appellant, for whom he might have been acting. The testimony showed that appellant went to the car with another man. There is nothing to show that appellant, more than the other man, knew where this car with whisky in it was parked. The two men walked up together. It would not be difficult to believe that the other man told appellant the whisky was in the car and for him to get it and come behind the railroad car and pay for it. An automobile is such a vehicle as that its ownership can be traced with comparative ease in this day and time, and some effort should appear to connect appellant with the whisky more than appears here.

Believing the facts in the record not sufficient to justify the conviction, the motion for rehearing is granted, the judgment of affirmance is set aside, and the judgment is now reversed and the cause remanded.

*Reversed and remanded.*